UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81021-CV-HURLEY/HOPKINS

DEBRA BARNES,

    Plaintiff,

v.

SETERUS, INC.,

    Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss [ECF No. 10] Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff's time to respond has expired.

### I. BACKGROUND

Plaintiff Debra Barnes sues Defendant Seterus, Inc., for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692–1692p, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55–.785. According to Plaintiff's Complaint, Plaintiff incurred a debt in the form of a personal mortgage loan. Around December 2012, Defendant acquired Plaintiff's debt and, at some point thereafter, began calling Plaintiff to collect it. On June 19, 2013, Plaintiff sent Defendant a letter informing it that Plaintiff refused to pay her debt without new conditions and requesting that Defendant cease calling her.[1] On July 13, 2013, Defendant called Plaintiff's friend, Angel Semidei, without Plaintiff's consent, to discuss Plaintiff's debt.

---

[1] June 19, 2013 Letter, Pl.'s Comp. Ex. A [ECF No. 1-3].

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[C]ourts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *American Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682); *see also Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1330 (11th Cir. 2012).

## III. DISCUSSION

To establish a claim under the FDCPA, the plaintiff must show: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Sanz v. Fernandez*, 633 F.Supp.2d 1356, 1359 (S.D.Fla. 2009). Defendant does not dispute that Plaintiff is a consumer, that Plaintiff has consumer debt, and that Defendant is a debt collector.

In Count I of her complaint, Plaintiff claims that Defendant violated 15 U.S.C. § 1692c(b) by communicating with Ms. Semidei about her debt. Section 1692c(b) prohibits a debt collector from communicating with third-parties "in connection with the collection of any debt." While Defendant admits it communicated with Ms. Semidei, §1692b excepts from the prohibition of § 1692c(b) communications made "for the purpose of acquiring location information about the consumer . . . ." In her complaint, Plaintiff does not allege for what purpose or specify about what Defendant communicated with Ms. Semidei. Furthermore, in her letter to Defendant, Plaintiff complains that "you have now called a friend of mine looking for me . . . ." An obvious alternative explanation to Plaintiff's allegations is that Defendant communicated with Ms. Semidei to acquire Defendant's location. Without more, the Court cannot infer illegality.

In Count II of her complaint, Plaintiff claims that Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after receiving Defendant's letter. Section 1692c(c) prohibits a debt collector from communicating with a consumer "[i]f a consumer notifies [it] in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer . . . ." Plaintiff, in her letter, wrote that "I will not remit any type of payments to your company until you release escrow and reinstate my loan back to the original terms and conditions," and that "I am requesting you fix my credit report status and stop ASAP with the harassing phone calls daily and on the weekends." According to Defendant, Plaintiff's letter did not show that she refused to pay the debt, but only that her "funds will be released upon certain conditions . . . ." Furthermore, Defendant claims that "[t]hough the letter requests a stop to certain 'harassing' communications, it does not request Seterus cease further communication with respect to the debt in general." Defendant's argument

3

is unconvincing.  The FDCPA does not require Plaintiff's refusal to pay to be unconditional, nor does it require that Plaintiff's wish to be left alone be stated in the most general terms.  *See Bishop v. I.C. Systems, Inc.*, 713 F. Supp. 2d 1361, 1367–68 (M.D. Fla. 2010) (finding that the "ordinary meaning [of "refuse"] does not encompass an unalterable rejection" and that the FDCPA "does not require that the consumer use any specific language or 'magic words' to tell a debt collector to cease communication.").

In Counts III and IV of her Complaint, Plaintiff alleges Defendant violated 15 U.S.C. § 1692d(5) and Fla. Stat .§ 559.72(7) by repeatedly telephoning Plaintiff with the intent to harass her.  15. U.S.C. 1692d(5) prohibits a debt collector from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."  Fla. Stat. § 559.72(7) prohibits a debt collector from "[w]illfully communicat[ing] with the debtor . . . with such frequency as can reasonably be expected to harass the debtor . . . ."  Because the FCCPA is similar to the FDCPA, Florida courts "must give 'great weight' to federal interpretations of the FDCPA when interpreting and applying the FCCPA.'"  *Read v. MFP, Inc.*, 85 So. 3d 1151, 1153 (Fla. 2d DCA 2012) (quoting Fla. Stat. § 559.77(5)); *see Martorlla v. Deutsche Bank National Trust Co.*, 931 F. Supp. 2d 1218, 1227 (S.D. Fla. 2013).  To state her claim for violation of the FDCPA and the FCCPA, Plaintiff reproduces a portion of a telephone call log in her Complaint.  According to the log, after receiving Plaintiff's letter demanding it stop contacting her, Defendant called Plaintiff about twice a day, nearly every day, for at least 15 days, including on a weekend.

When determining if a debt collector intends to harass a consumer, courts in this District consider the frequency[2], duration[3], volume[4], and content of the debt collector's phone calls[5], as

---

[2] *Dunning v. Portfolio Recovery Assoc., LLC*, 903 F. Supp. 2d 1362 (S.D. Fla. 2012).
[3] *Sclafani v. BC Services, Inc.*, 2010 WL 4116471 (S.D. Fla. Oct. 18, 2010).

4

well as whether the debt collector called on weekends and holidays[6] or called back being told to stop[7]. In total, the debt collector's "behavior [must be] intended to harass, upset, humiliate, or panic a debtor." *Chalik v. Westport Recovery Corp.*, 677 F. Supp. 2d 1322, 1329–30 (S.D. Fla. 2009). Considering the frequency of Defendant's calls, 1.5 times a day, despite being told to stop, Plaintiff has made a plausible claim that Defendant intended to harass Plaintiff, and not to simply get in touch.

In support of its motion to dismiss, Defendant cites two district court cases from this Circuit, *Waite v. Financial Recovery Services, Inc.*, 2010 WL 5209350 (M.D. Fla. Dec. 16, 2010), and *Tucker v. CBE Group, Inc.*, 710 F. Supp. 2d 1301 (M.D. Fla. 2010). In *Waite*, the court granted summary judgment for the defendant debt collector when the plaintiff alleged that the defendant called her 132 times over nine months. In *Tucker*, the court granted summary judgment for the defendant debt collector when the plaintiff alleged that the defendant called 57 times over 20 days, and on one day, at least, called him 7 times. Although at first glance the duration or frequency of the debt collector's phone calls in *Waite* and *Tucker* appears more egregious than Defendant's, those two cases are easily distinguishable. First, in both *Waite* and *Tucker* the courts decided a motion for summary judgment, not a motion to dismiss. As *Waite* explains, Plaintiff's allegations can be "sufficient to survive a motion to dismiss, while a different standard of review governs a motion for summary judgment." *Waite*, 2010 WL 5209350, at *6.[8] Furthermore, not only was the frequency of calls lower in *Waite*, but in both *Waite* and *Tucker* neither plaintiff had requested that the defendant cease calling him or her.

---

[4] *Ortiz v. Accounts Receivable Management, Inc.*, 2010 WL 547910 (S.D. Fla. Feb. 12, 2010).
[5] *Dunning*, 903 F. Supp. 2d at 1362; *Ortiz*, 2010 WL at 547910.
[6] *Monty v. Weltman Weinberg & Reis Co., LPA*, No. 13-80800-CIV, 2013 WL 6511741 (S.D. Fla. Dec. 12, 2013).
[7] *Dunning*, 903 F. Supp. 2d at 1362.
[8] In fact, in *Waite*, the court admitted that the plaintiff's complaint would have survived a motion to dismiss. *See Waite*, 2010 WL 5209350, at *1 n.2 ("Such facts concerning the number, frequency and timeframe of the communications are sufficient to state a claim upon which relief can be granted in compliance with Federal Rule of Civil Procedure 8(a)(2).").

Case 9:13-cv-81021-DTKH   Document 17   Entered on FLSD Docket 12/26/2013   Page 6 of 6
Order Granting-in-Part Defendant's Motion to Dismiss
*Barnes v. Serterus*,  No. 13-81021-CV-Hurley/Hopkins

Accordingly, neither of those two unreported cases prevents the Court from finding that Plaintiff has sufficiently stated her claim.

## CONCLUSION

In light of the discussion above, it is hereby

**ORDERED** and **ADJUDGED** that:

1. Defendant's Motion to Dismiss [ECF No. 10] is **GRANTED IN PART.**

    a. Count I of Plaintiff's Complaint [ECF No. 1] is **DISMISSED** without prejudice.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 26th day of December, 2013.

> Daniel T. K. Hurley
> United States District Judge

*Copies provided to counsel of record*